UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMAL MITCHELL,<br><br>Defendant. | Case No. 24-cr-00013-JST-1<br><br>**ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Re: ECF No. 4 |

Now before the Court is Defendant Jamal Mitchell's Motion for Early Termination of Supervised Release. ECF No. 4. The Court will grant the motion.

## I. BACKGROUND

Mr. Mitchell was convicted at trial of conspiracy to distribute cocaine and cocaine base, commonly known as crack, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and of conspiracy to commit money laundering in violation of 18 U.S.C. § 1957. *United States v. Mitchell*, 70 F. App'x 707, 709 (4th Cir. 2003). On July 24, 2002, the district court sentenced Mr. Mitchell to terms of imprisonment of 360 months on the distribution count and 120 months on the money laundering count, to run concurrently. *See id.* at 710.

On January 20, 2022, Mr. Mitchell started his ten-year term of supervised release in the Eastern District of Virginia. He then relocated to the Northern District of California in February 2022, and the Court granted a transfer of jurisdiction from the Eastern District of Virginia to the Northern District of California on January 5, 2024. *See* ECF No. 1.

Mr. Mitchell has now served more than three years of his term of supervised release and seeks early termination of supervision. *See* ECF No. 4. The government opposes the motion. *See* ECF No. 8.

Mr. Mitchell previously filed a motion for early termination of supervised release on February 6, 2023, in the Eastern District of Virginia. *See* ECF No. 8-7. The presiding judge—Judge Ellis—denied his motion and stated that Mr. Mitchell "must continue to serve his term of supervised release for a third to a half of the ten-year term without violation or blemish, at which time he may seek early termination of supervised release." ECF No. 8-9 at 3.

## II.   LEGAL STANDARD

Early termination of supervised release is governed by 18 U.S.C. § 3583(e), which provides that a court may:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1); *United States v. Henry*, No. 11-CR-7032-MLH, 2020 WL 4281966, at *2 (S.D. Cal. June 23, 2020). In deciding whether to grant a motion for early termination, courts review several sentencing factors, which include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) deterrence;
>
> (3) protection of the public;
>
> (4) the need to provide the defendant with educational or vocational training, medical care, or other rehabilitation;
>
> (5) the sentence and sentencing range established for the category of defendant;
>
> (6) any pertinent policy statement by the Sentencing Commission;
>
> (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). If, after considering these factors, the court is satisfied that early termination is "warranted

by the conduct of the defendant released and the interest of justice," the court may grant the motion.[1]

The defendant bears the burden to justify the early termination of supervised release. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). The defendant is not required to demonstrate exceptional circumstances or undue hardship to prevail on a motion for early termination. *United States v. Ponce*, 22 F.4th 1045, 1047–48 (9th Cir. 2022).

The Court also considers the Judicial Conference's Guide to Judiciary Policy, which sets forth a presumption for early termination after 18 months of supervised release for most offenses. The Judicial Conference states there should be a presumption of early termination provided a defendant meets the following criteria:

> (1) the person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism; (2) the person presents no identified risk of harm to the public or victims; (3) the person is free from any court-reported violations over a 12-month period; (4) the person demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) the person is in substantial compliance with all conditions of supervision; and (6) the person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

8E *Guide to Judiciary Policy* § 360.20(C) (2018). The Court finds no indication in the record that Mr. Mitchell qualifies as a career criminal or has committed any sex offense or engaged in terrorism, and Mr. Mitchell appears to meet the remaining criteria. *See* ECF No. 4. Accordingly, the presumption of early termination applies.

**III.   ANALYSIS**

After analyzing the relevant Section 3553(a) factors, the Court finds that early termination of supervision is warranted by Mr. Mitchell's conduct and the interest of justice.

Mr. Mitchell has served over three years of his ten-year term of supervised release without violating the terms of his supervision. Mr. Mitchell also "maintains a stable residence with his

---

[1] Congress specifically omitted from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

1  domestic partner, and is gainfully employed." ECF No. 4 at 4.

2        The government primarily argues that continued supervision is warranted because of the seriousness and length of Mr. Mitchell's underlying offense and because the "continued structure of supervised release will protect the public at this early juncture in the imposed ten-year term." *See* ECF No. 8 at 4–5. The Court disagrees.

      The Court has considered the relevant Section 3553(a) factors and finds that none weighs against early termination of Mr. Mitchell's supervised release. Mr. Mitchell served over 20 years in prison and over three years on supervised release, which provides adequate specific and general deterrence. He is currently supervised under the low-risk supervision standards, ECF No. 4 at 7, which indicates that the Probation Office judges him to be at low risk of reoffending. Mr. Mitchell has a steady job and is able to provide for himself. He does not require any additional educational or vocational training. The Court is not aware of any policy statements that weigh against early termination. Moreover, while they may be common elsewhere, ten year terms of supervised release are the exception in this district. Thus, termination of supervised release would help avoid unwarranted sentencing disparities among defendants with similar records. Notably, while Judge Ellis denied Mr. Mitchell's prior motion for early termination of supervised release, he also clarified that Mr. Mitchell "may seek early termination of supervised release" once he served his term for "a third to a half of the ten-year term without violation or blemish." ECF No. 8-9 at 3. All indications are that Mr. Mitchell—who is now 52 years old—no longer poses a threat to the community. Finally, the presumption of early termination provided under the Judicial Conference's Guide to Judiciary Policy applies here. *See* 8E *Guide to Judiciary Policy* § 360.20(C) (2018).

      For these reasons, the Court does not believe that continued supervision is necessary to protect the public, deter future crimes, or provide Mr. Mitchell with additional treatment. The Court therefore finds early termination "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons, Defendant's motion for early termination of supervised release is granted.

**IT IS SO ORDERED.**

Dated: March 20, 2025



_____
JON S. TIGAR
United States District Judge